[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 17, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-10417
Non-Argument Calendar

_____

D. C. Docket No. 06-00380-CR-T-26-EAJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HAROLD GARCIA-OLAVE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 17, 2007)

Before TJOFLAT, BLACK and HULL, Circuit Judges.

PER CURIAM:

Harold Garcia-Olave appeals his sentence imposed after his plea of guilty to conspiracy and possession with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. app. § 1903(a), (g), and (j). On appeal, Garcia-Olave contends the district court erred at sentencing by denying him a mitigating-role reduction. In particular, Garcia-Olave argues the Sentencing Guidelines did not preclude him from receiving a mitigating-role reduction, and the district court should have compared his role to the roles of the participants in the larger conspiracy who evaded arrest.

Although the Sentencing Guidelines are advisory, a district court must calculate the Guidelines range correctly and must consider it when determining a defendant's sentence. *United States v. Crawford*, 407 F.3d 1174, 1178-79 (11th Cir. 2005). A district court's determination of a defendant's role in an offense is a finding of fact, which we review for clear error. *United States v. De Varon*, 175 F.3d 930, 934 (11th Cir. 1999) (en banc).

Section 3B1.2 of the Guidelines permits a mitigating-role adjustment to the applicable Guidelines range for a defendant who is substantially less culpable than the average participant due to a minor or mitigating role. U.S.S.G. § 3B1.2, cmt.

n.3. The defendant bears the burden of establishing that his or her role was minimal or minor by a preponderance of the evidence. *De Varon*, 175 F.3d at 939.

In determining whether a defendant meets the burden of demonstrating a mitigating role, a district court examines (1) the defendant's role based on the relevant conduct for which he was held accountable, and (2) the defendant's role in comparison to the other participants. *Id.* at 940. The district court may consider any and all facts probative of the defendant's role. *Id.* at 943. In the drug courier context, relevant facts include, but are not limited to: the amount of drugs, their fair market value, the amount of money to be paid to the courier, and the role in the distribution. *Id.* at 945. The defendant must establish that he played a minor role in the conduct for which he has been found guilty and not just a minor role in the larger conspiracy. *Id.* at 941-942, 944. Therefore, the district court may only assess a defendant's culpability in comparison to "other participants in the relevant conduct." *Id.* at 944. That is those who are "identifiable or discernable from the evidence," and "who were involved in the relevant conduct attributed to the defendant." *Id.* "The conduct of participants in any larger criminal conspiracy is irrelevant." *Id.*

In this case, the record shows that Garcia-Olave was held accountable for 4,000 kilograms of cocaine and admitted to expecting to receive more than $10,000

for his services.  The record demonstrates he played an active role in protecting the large amount of cocaine.  In addition, Garcia-Olave did not introduce any evidence of the roles played by the other nine crew members.  Based on the amount of cocaine, Garcia-Olaves' role in protecting it, and the lack of evidence comparing his role to the roles of the other nine crew members, we cannot say the district court erred in finding Garcia-Olave did not have a mitigating or minor role deserving of an adjustment to his advisory Guidelines range.  *See De Varon*, 175 F.3d at 939, 944.  Accordingly, we affirm.

**AFFIRMED.**